UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD S. DESMOND,

    Plaintiff,

v.                                    CASE NO: 8:09-cv-1272-T-23TBM

HSBC CARD SERVICES, INC., et al.,

    Defendants.
_____/

## **O R D E R**

Asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the defendant HSBC Card Services, Inc., ("HSBC") removes (Doc. 1) this action from the Circuit Court for Pasco County, Florida. The operative complaint (Doc. 12) alleges that HSBC and the defendant Accounts Receivable Management, Inc., ("ARM") "intentionally harassed and abused the Plaintiff on numerous occasions by their representatives claiming, attempting, and threatening" to enforce an illegitimate debt. (Doc. 12, ¶ 12) The plaintiff seeks actual and punitive damages for intentional infliction of emotion distress and for violation of the Florida Consumer Collection Practices Act, Section 559.72, Florida Statutes ("FCCPA"). Moving to remand (Doc. 30), the plaintiff argues that the removal is untimely and that the notice of removal fails to prove the required amount in controversy. In response, the defendant consents to remand but opposes the plaintiff's request for attorney's fees. (Doc. 38)

Pursuant to 28 U.S.C. § 1441, the defendant may remove any action over which a federal district court has original jurisdiction. The removing defendant bears the burden

of establishing facts supporting federal jurisdiction, which must exist on the date of removal. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005); Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). The removal statute is construed narrowly with any doubt resolved against removal. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

## Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1332, jurisdiction exists if the parties are diverse and the amount in controversy exceeds $75,000.00. Although the parties are diverse, HSBC fails to establish the requisite amount in controversy. The complaint seeks damages in excess of $15,000. (Doc. 12, ¶ 1)  If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). HSBC argues that the amount in controversy exceeds $75,000 because (1) the plaintiff offered to settle with ARM for $60,000.00, which "is presumably smaller than the amount" the plaintiff will seek at trial (Doc. 1, ¶ 14); (2) the plaintiff, if successful, is entitled to statutory damages of $1,000 (Doc. 1, ¶ 18); (3) the plaintiff seeks unspecified actual damages, and a district court in Florida awarded the plaintiff $10,000.00 in actual damages in an FCCPA case (Doc. 1, ¶¶ 20-21); (4) the plaintiff seeks punitive damages, a plaintiff in Florida received $10,000.00 in punitive damages for a violation of the FCCPA, and "[o]ther juries have made awards to plaintiffs in federal debt collection cases in far greater amounts" (Doc. 1, ¶¶ 26-28); and (5) the plaintiff may recover attorneys' fees for successfully suing under the FCCPA (Doc. 1, ¶¶ 22-24).

- 2 -

HSBC attempts to establish the amount in controversy by showing that the plaintiff offered to settle with ARM for $60,000.00 and that the plaintiff allegedly "views HSBC, and not ARM, as 'the big bad guy' in this action." (Doc. 1, ¶ 15)  However, the plaintiff apparently seeks less than the jurisdictional amount from ARM, and HSBC merely speculates that the plaintiff seeks more money from HSBC.  If the evidence in the notice of removal is insufficient to establish jurisdiction, "neither the defendant nor the court may speculate in an attempt to make up for the notice's failings."  Lowery v. Alabama Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007).

Although HSBC establishes that the plaintiff may receive $1,000.00 in statutory damages, HSBC's further speculation that the plaintiff could recover actual and punitive damages contributes nothing to the analysis of the amount in controversy.  Although HSBC identifies several FCCPA cases that resulted in a large plaintiff's verdict, HSBC identifies no similarity between this case and any of the previous cases (other than the fact that all five cases involve the FCCPA).  See Moore v. CNA Found., 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007) (concluding that the defendant's "representative cases" were "so factually and legally distinguishable from this case that it is impossible to draw any reasonable conclusions from them"). Furthermore, if the prayer for punitive damages satisfies the amount in controversy requirement, nearly every FCCPA case is immediately removable.  See Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007) ("[A] party's mere speculation that the amount in controversy met the jurisdictional threshold did not satisfy its burden of proving beyond a preponderance of

the evidence the claim at issue exceeded $75,000." (citing Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003)).[1]

Because the FCCPA authorizes the plaintiff to recover attorneys' fees, "a reasonable amount of those fees is included in the amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). HSBC argues that the plaintiff's attorneys' fees "presumably amount to nearly $119,750.00." (Doc. 1, ¶ 25) This conclusory allegation fails to meet HSBC's burden of proof. Estimating the fee based on the number of hours worked by HSBC's counsel, HSBC evidences neither the plaintiff's counsel's customary hourly rate nor the number of hours actually worked by plaintiff's counsel. For support, HSBC cites three district court cases in Florida finding reasonable a fee award based on a $250.00 hourly rate. However, HSBC identifies no similarity among these cases other than the fact that each case arises under the FCCPA. Because HSBC offers only rank speculation and a settlement offer for less than the jurisdictional amount, HSBC fails to establish subject matter jurisdiction.

Timeliness

The defendant must remove the action within thirty days of service of the initial pleading, or "[i]f the case stated by the initial pleading is not removable, a notice of

---

[1] Punitive damages may contribute to the amount in controversy in a proper case. See Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) (holding that a class claim for punitive damages is allocated pro rata to each class member for determination of the amount in controversy). However, in this case the plaintiff seeks an undetermined amount of punitive damages, and HSBC merely speculates that the plaintiff may recover $10,000.00 or more in punitive damages. Despite the claim for punitive damages, HSBC retains the duty to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Moore v. CNA Found., 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007) ("[The defendant] argues that the jurisdictional requirement is met because [the plaintiff] has requested punitive damages. But this argument begs the question of what those punitive damages are likely to be—a question that [the defendant] bears the burden of answering."). HSBC's conclusory allegation fails to meet this burden.

- 4 -

removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amending pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b). However, "a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than one year after commencement of the action." 28 U.S.C. § 1446(b).

The plaintiff sued ARM in state court on July 16, 2007, and served ARM on August 1, 2007. On December 23, 2008, the plaintiff amended the complaint to add HSBC as a defendant, and on December 29, 2008, the plaintiff served HSBC. HSBC removed on July 6, 2009, nearly two years after commencement of the action. HSBC argues that removal is timely because HSBC removed within thirty days after HSBC "was made aware" of the plaintiff's settlement offer to ARM. (Doc. 1, ¶ 4) Although acknowledging Section 1446(b)'s one-year limitation, HSBC argues that the action "was not commenced against HSBC until December 29, 2008, when it was served with process and the Second Amended Complaint in this matter." (Doc. 1, ¶ 3)

HSBC argues that "neither the Eleventh Circuit Court of Appeals nor the Middle District of Florida are believed to have directly ruled on the question of whether a later-added defendant may remove the case more than one year after the case was initially filed but less than one year after that defendant was added in." (Doc. 38 at 3) <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 536 F.3d 1202, 1209 (11th Cir. 2008), adopts the "'last-served defendant rule,' which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)." HSBC argues that <u>Bailey</u> "open[ed] the door to allowing later-added defendants to remove within one year of

- 5 -

being joined." (Doc. 38 at 4)  However, <u>Bailey</u> construes the thirty-day limitation, which runs from service of process on the defendant, not the one-year limitation, which runs from the commencement of the action.   Neither the removal statute, the rules of procedure, nor pertinent authority transforms an amended complaint into an "action."  The one-year limitation, designed to ensure that mature state court litigation remains in state court, depends on the filing of an "action," not an amended complaint.  Accordingly, HSBC failed to remove with one year of the plaintiff's commencing the action.

<u>Conclusion</u>

Because the notice of removal is untimely and fails to establish subject matter jurisdiction, this action is **REMANDED** to the Circuit Court for Pasco County, Florida.  Because HSBC asserts a colorable right to removal, the plaintiff's request (Doc. 30 at 9) for attorneys' fees is **DENIED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Pasco County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on August 6, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc:    Courtroom Deputy